JOHN L. EVERSON, PLAINTIFF IN ERROR, V. GEORGE GRAVES, OLE EVERSON, AND THOMAS EVERSON, DEFENDANTS IN ERROR.

[FILED MARCH 20, 1889.]

1. **Trial**: VERDICT. Where a cause was submitted to a jury upon the demand of a plaintiff and cross-demand of a defendant, and the jury returned a verdict in favor of the plaintiff, but showing an allowance of a part of the defendant's set-off, it was not error on the part of the district court to refuse to order the jury to retire and return in their verdict the amount allowed to the defendant on his set-off.

2. ——: ——: REMITTITUR. The evidence examined, and the verdict found to be excessive; and in default of the filing of a remittitur, judgment to be reversed. In case such remittitur is filed, the judgment to be modified and affirmed.

ERROR to the district court for Stanton county. Tried below before POWERS, J.

*H. C. Brome*, for plaintiff in error.

*W. W. Young*, and *M. McLaughlin*, for defendant in error.

REESE, CH. J.

Defendants in error instituted this action for the purpose of recovering the amount due upon two promissory notes, one dated September 18, 1876, for $100, with interest at twelve per cent, upon which credits had been indorsed to the amount of $70, and one note dated September 18, 1876, for $200, with interest at twelve per cent, and upon which the sum of $106.75 had been credited. The notes were signed by plaintiff in error, with Ole Everson and Thomas Everson as sureties.

Plaintiff in error filed his answer, by which he admitted the execution of the notes and presented a set-off, consisting of various items, amounting in all to the sum of $798.15. The items constituting the set-off need not be here set out.

Defendants in error filed their reply, admitting a portion of the set-off presented by plaintiff in error, but alleging that the same were fully paid and satisfied by them on the 20th day of September, 1880. All other allegations of the answer were denied.

A jury trial was had which resulted in a verdict in favor of defendants in error, who were plaintiffs below, for the sum of $269.50. Upon the return of the verdict, plaintiff in error excepted to the form of the verdict, for the reason that it did not find the amount allowed the defendants upon the set-off, and moved the court that the jury be required to correct the verdict in this respect, which motion was overruled, and which ruling is now assigned for error.

It is contended that by the verdict, the jury should have found specially the amount allowed to plaintiff in error, and deducted the same from the notes and interest thereon, as well as finding the balance due to defendants in error.

Section 292 of the Code provides that: "The verdict of the jury is either general or special. A general verdict is that by which they pronounce generally upon all or any of

the issues, either in favor of the plaintiff or defendant. A special verdict is that by which the jury finds facts only," etc.

The verdict in this case was general, finding for the plaintiff and assessing the amount of his recovery. While the form of the verdict contended for by the plaintiff in error is a proper one, yet we think the verdict in this case meets all the requirements of the statute; and had plaintiff desired a special finding of the amount due him from defendants in error, the proper time to have made the request would have been at the time of the submission of the case to the jury. He could not be permitted to wait until the return of the verdict, and after ascertaining its contents insist upon a different finding or form of verdict. At any rate there was no such abuse of discretion as will require a reversal of the judgment.

The next contention of plaintiff in error is that the verdict was not sustained by sufficient evidence, and that it was contrary thereto. This involves an examination of the whole case, and of the testimony introduced, which was quite unsatisfactory and indefinite. Upon a careful examination of the evidence, we conclude that there was sufficient to sustain a verdict in favor of defendants in error, but that, by a miscalculation, perhaps, it was for more than was warranted by the proof. At the time of the trial, the amount due on the two notes upon which plaintiff's action was based, was $419.78. The verdict being for $269.50, shows a finding in favor of plaintiff in error upon his set-off of $150.28. Among the items presented in the set-off were: " Herding cattle during a part of the months of September and October, $121 ; sale of cattle for defendants in error, $25; corn-fodder, $10; cash paid to Mills, $4.40. It was claimed by defendants in error that all matters of difference between plaintiffs and defendant were settled, and a balance struck, prior to the commencement of the suit; but it is shown that these

particular items were not included in such settlement, the testimony of defendants in error showing that such a claim was not presented, and therefore not paid. There is some dispute as to the character of the alleged settlement, and it is quite probable, judging by the testimony, that it was not intended by both parties as a full and complete adjustment of all differences between them. It also appears by the testimony of defendants in error, that the agreement between the parties was that the cattle referred to, some one hundred and sixty in number, were to be wintered for $3.00 per head, defendants in error furnishing the grain, and that nothing was said about the care of the stock prior to the commencement of the feeding season. The cattle were placed in charge of plaintiff in. error early in the month of September, which was shown to be about one month before the feeding season. It seems quite probable that the jury made an allowance for this labor, but that in estimating its value they were governed more by their own judgment than by the proof. While it is insisted on the part of defendants in error that the charge was more than the labor was worth, yet no evidence was tendered to show what would have been a reasonable charge; while plaintiff in error testified that it was worth the sum charged. The testimony of plaintiff in error upon the matter of selling cattle, was that defendants in error directed him to sell them for a certain price, and offered to allow him for his trouble all in excess thereof that he could obtain; that he sold them for $25 more than the price fixed, taking a note therefor which he delivered to the defendants in error, and which was afterwards paid, and for which no return had been made to plaintiff in error. The item of corn-fodder, $10, and cash to Mills, $4.40, are admitted by defendants in error; but they insist that these were included in the settlement referred to. This, however, is denied by plaintiff in error, and under circumstances which render it probable that defendants in error were mistaken as to these

particular items. The interest upon these items would amount to $72, making a total of $232.40, which should have been allowed to plaintiff in error. This deducted from the $419.78, would leave $187.38 due defendants in error, instead of the $269.50, for which the verdict was returned.

The judgment of the district court will, therefore, be reversed and the cause remanded, unless defendants in error remit the sum of $82.12 within thirty days from this date. In case such remittitur is filed, the judgment will be modified to that extent, and judgment for $187.38 will be entered in this court.

JUDGMENT ACCORDINGLY.

THE other Judges concur.